IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Kaleigh R. Dittus, Courtney A. Snyder, and Joanna L. Tabler, all individually and on behalf of all other similarly situated individuals, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club; Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc., d/b/a Platinum Plus (Greenville); KWE Group, LLC; Gregory Kenwood Gaines a/k/a Ken Wood, and David A. Henson, )<br><br>Defendants. ) | Civil Action No. __3:14-cv-00300-JFA__<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs, Kaleigh R. Dittus, Courtney A. Snyder, and Joanna L. Tabler, all individually and on behalf of all other similarly situated individuals, by way of their Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## I.  Nature of Claims

1.     This action is brought individually and as a collective action for unpaid minimum wages, overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  The collective action provisions under the FLSA provide for opt-in class participation.

2.     Plaintiffs also include other causes of action under South Carolina law on an

individual and class-wide basis.  Those claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## II.  Parties, Jurisdiction, and Venue

3.      Plaintiff Kaleigh R. Dittus is a citizen and resident of Lexington County, South Carolina.

4.      Plaintiff Courtney A. Snyder is a citizen and resident of Richland County, South Carolina.

5.      Plaintiff Joanna L. Tabler is a citizen and resident of Lexington County, South Carolina.

6.      Defendant K.E.G., Inc. (hereinafter "Defendant KEG") is a corporation organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. Upon information and belief, Defendant KEG owns property and conducts business in Richland County, South Carolina.  Defendant KEG does business as "Heart Breakers Gentlemen's Club," which is an adult entertainment business and bar within Richland County, South Carolina.

7.      Defendant Shadow Management Company, Inc. (hereinafter "Defendant Shadow Management") is a corporation organized and existing pursuant to the laws of the State of North Carolina, with its principal place of business in the State of South Carolina.  Upon information and belief, Defendant Shadow Management owns property and conducts business in Richland County, South Carolina.  Defendant Shadow Management does business as "Platinum Plus (Columbia)," which is an adult entertainment business and bar within Richland County, South Carolina.

8.       Defendant Splash, Inc. (hereinafter "Defendant Splash) is a corporation organized

and existing pursuant to the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. Upon information and belief, Defendant Splash owns property and conducts business in Richland County, South Carolina. Defendant Splash does business as "Platinum Plus (Columbia)," which is an adult entertainment business and bar within Richland County, South Carolina.

9.     Defendant Elephant, Inc. (hereinafter "Defendant Elephant") is a corporation organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. Upon information and belief, Defendant Elephant owns property and conducts business in Greenville County, South Carolina. Defendant Elephant does business as "Platinum Plus (Greenville)," which is an adult entertainment business and bar within Greenville County, South Carolina.

10.     Defendant KWE Group, LLC (hereinafter "Defendant KWE") is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. Upon information and belief, Defendant KWE owns property and conducts business in Richland County, South Carolina.

11.     Defendant Gregory Kenwood Gaines is a citizen and resident of Lexington County, South Carolina. Upon information and belief, Defendant Gaines is the sole or majority shareholder, member, or owner of Defendants KEG, Shadow, Splash, Elephant, KJ, KWLT, and KWE. Defendant Gaines has also been known as "Ken Wood."

12.     Upon information and belief, Defendant David A. Henson is a citizen and resident of Richland County, South Carolina. Upon further information and belief, Defendant Henson is a shareholder or owner of Defendant KEG.

13.     Plaintiffs bring this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer or stripper at any of the clubs or bars owned or operated by Defendants–namely, Heart Breakers Gentlemen's Club in Columbia, SC, or Platinum Plus in Columbia or Greenville, SC–at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid at least minimum wage or overtime compensation as required by the Fair Labor Standards Act.

14.     Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals who worked an exotic dancer or stripper at any of the clubs or bars owned or operated by Defendants in South Carolina–namely, Heart Breakers Gentlemen's Club in Columbia, SC, or Platinum Plus in Columbia or Greenville, SC–at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Defendants or had any compensation deducted for mandatory house fees, tip-outs, or other similar charges, without receiving written notice of such deductions pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 et seq.

15.     Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

        A.     The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

        B.     There are questions of law and/or fact common to the members of the

proposed Plaintiff class;

C.     The claims of Plaintiffs, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

D.     Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

16.     In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

18.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the laws of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at least one Defendant is  located within in this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within the Columbia Division of this Court.

### III.  Facts

20.     Plaintiff Dittus has been an exotic dancer or stripper at Heart Breakers from June or

5

July 2009 to February 2, 2014.  She has also danced or performed at Platinum Plus in Columbia and Greenville on occasion.

21.     Plaintiff Snyder has been an exotic dancer or stripper at Heart Breakers from May 2013 to the present.  She has also danced or performed at Platinum Plus in Columbia on occasion.

22.     Plaintiff Tabler has been an exotic dancer or stripper at Platinum Plus in Columbia from 2010 to the present.  She has also danced or performed at Platinum Plus in Greenville on occasion.

23.     Defendants have misclassified Plaintiffs and the members of the Plaintiff class as independent contractors, when in reality they are employees of Defendants under applicable legal standards.

24.     At all times relevant to this Complaint, Defendants have exercised extensive control over the manner in which Plaintiffs and the members of the Plaintiff class perform their jobs and conduct themselves while on Defendants' premises, including when and how Plaintiffs perform, what they are allowed to wear, what music they perform to, how much they can charge or receive for private dances and sessions in the VIP or champaign rooms, and how they can interact with customers.

25.     At all times relevant to this Complaint, Defendants have treated all Plaintiffs and the members of the Plaintiff class in a substantially similar manner.

26.     Plaintiffs and the members of the Plaintiff class have not received any wages or other compensation directly from Defendants.  Instead, any compensation received by Plaintiffs and the members of the Plaintiff class has come directly from Defendants' customers or patrons in the form of gratuities or tips.

27.     At all times relevant to this Complaint, Plaintiffs and the members of the Plaintiff class have been required to pay "house fees" to Defendants in order to be allowed to perform on certain shifts.  The house fees charged by Defendants are generally $15.00, $25.00, or $35.00, depending on when the individual arrives at Defendants' premises and checks in with the manager and how long the individual works on a particular shift.  Plaintiffs and the members of the Plaintiff class are generally not allowed to leave Defendants' premises unless and until the house fee is paid for a particular shift.

28.     In addition to the required house fees, Plaintiff and the members of the Plaintiff class have been required to pay a portion of their tips to managers, floor men or bouncers, disc jockeys, and champaign hosts, all of whom are either managers, employees, or agents of Defendants.

### FOR A FIRST CAUSE OF ACTION
**(Fair Labor Standards Act–Failure to Pay Minimum Wage)**
**(Individual and Collective Action)**

29.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-28 as if restated herein verbatim.

30.     Defendants KEG, Shadow, Splash, and Elephant are "employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because they have annual gross sales or business of at least $500,000.00 and have employees engaged in interstate commerce.  In addition, Plaintiffs and the members of the Plaintiff class are covered employees under the FLSA because they were involved in interstate commerce on a regular basis during their employment with Defendants.

31.     Defendant KWE is involved in a unified operation involving common control for a common business purpose with Defendants KEG, Shadow, Splash, and Elephant, such that all Defendants are part of the same business enterprise for purposes of the FLSA.

32.    The individual Defendants, Gaines and Henson, are also "employers" under 29 U.S.C. § 203(d) because they have acted directly or indirectly in the interests of Defendants KEG, Shadow, Splash, Elephant, and KWE in relation to their employees, including Plaintiffs and the members of the Plaintiff class.

33.    Plaintiffs and the members of the Plaintiff class were employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

34.    Defendants have failed to pay Plaintiffs and the members of the Plaintiff class an hourly rate of at least the minimum wage of $7.25 per hour for each and every hour worked, as required by Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

35.    Defendants are not allowed to use the tip credit or the reduced hourly rate for tipped employees of $2.13 per hour under the FLSA because they did not provide the required notice to Plaintiffs and the members of the Plaintiff class, and because Plaintiffs and the member of the Plaintiff class were not allowed to keep all tips received by them, but instead were required to share their tips with management and with other employees or agents of Defendants who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

36.    Plaintiffs and the members of the Plaintiff class are entitled to back wages at the minimum wage rate of $7.25 per hour for ever hour worked, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.    The failure of Defendants to compensate Plaintiffs and the members of the Plaintiff class at least minimum wage was knowing, willful, intentional, and done in bad faith.

38.    Plaintiffs and the members of the Plaintiff class are also entitled to liquidated

8

damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     The work and pay records of Plaintiffs and the members of the Plaintiff class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.  Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

40.     Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
### (Fair Labor Standards Act–Failure to Pay Overtime Wages)
### (Individual and Collective Action)

41.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-40 as if restated herein verbatim.

42.     Plaintiffs and the members of the Plaintiff class routinely worked in excess of forty (40) hours per workweek for Defendants.

43.     Defendants failed to pay Plaintiffs and the members of the Plaintiff class at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

44.     Plaintiffs and the members of the Plaintiff class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

9

45.    The failure of Defendants to compensate Plaintiffs and the members of the Plaintiff class for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

46.    Plaintiffs and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47.    Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FOR A THIRD CAUSE OF ACTION
**(Fair Labor Standards Act–Unlawful Kick-Backs)**
**(Individual and Collective Action)**

48.    Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-47 as if restated herein verbatim.

49.    The house fees and mandatory tip-outs that Defendants required from Plaintiffs and the members of the Plaintiff class constitute unlawful "kick-backs" to an employer under the FLSA.

50.    In addition, Defendants unlawfully charged other kick-backs to Plaintiffs and the members of the Plaintiff class, including but not limited to the following: requiring them to pay a fee for employment verification statements; requiring them to pay a fee for 1099s and other income tax forms; and requiring them to pay fees for ATM machines on the premises to obtain cash for required house fees and tip-outs.

51.    Plaintiffs and the members of the Plaintiff class are entitled to an award of back pay for all unlawful kick-backs required by Defendants.

52.    The unlawful kick-backs received by Defendants or required by Defendants were

obtained knowingly, willfully, intentionally, or in bad faith.

53.     Plaintiffs and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of unlawful kick-backs, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54.     Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FOR A FOURTH CAUSE OF ACTION
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action on Behalf of all SC Employees)**

55.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-54 as if restated herein verbatim.

56.     Defendants KEG, Shadow, Splash, Elephant, and KEW are "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1), because they employ individuals within the State of South Carolina.

57.     The individual Defendants, Gaines and Henson, are also "employers" as defined by the Payment of Wages Act because they are an officers or owners of Defendants KEG, Shadow, Splash, Elephant, and/or KEW and had the authority and obligation to ensure that their companies complied with applicable state and federal laws regarding employee compensation.

58.     Defendants KEG, Shadow, Splash, Elephant and KEW employed Plaintiffs and the members of the Plaintiff class within the State of South Carolina.  Although these Defendants misclassified Plaintiffs and the members of the Plaintiff class as "independent contractors," Plaintiff and the members of the Plaintiff class were truly "employees" of the various Defendant businesses for purposes of South Carolina law.

11

59.     Defendants KEG, Shadow, Splash, Elephant and KEW failed to provide written notice to Plaintiffs and the members of the Plaintiff class of any and all deductions to their pay, as required by Section 41-10-30 of the Act.

60.     Defendants have failed to pay Plaintiffs and the members of the Plaintiff class all wages due, as required by Sections 41-10-40 and -50 of the Act, because of the unlawful deductions to their pay.

61.     Defendants' failure to pay Plaintiffs and the members of the Plaintiff class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

62.     Pursuant to Section 41-10-80(C) of the Act, Plaintiffs and the members of the Plaintiff class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

**FOR A FIFTH CAUSE OF ACTION**
**(Fair Labor Standards Act–Retaliation)**
**(Individual Claim on Behalf of Plaintiff Dittus)**
**(Against Defendants KEG, Gaines, and Henson Only)**

63.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-62 as if restated herein verbatim.

64.     During her employment with Defendant KEG, Plaintiff Dittus frequently complained to her managers and co-workers about how dancers were compensated and how they were misclassified as independent contractors when they were really employees of Defendants.

65.     Plaintiff Dittus's conduct in opposing and complaining about unlawful wage and hour violations constitutes protected activity under the FLSA.

66.     Plaintiff Dittus was terminated on or about February 2, 2014, without legitimate

cause.

67.     Defendant KEG unlawfully retaliated against Plaintiff Dittus, in violation of 29 U.S.C. § 215(a)(3),  because of her complaints about the wage and hour violations committed by Defendants.

68.     Defendants Gaines and Henson are also individually liable for the retaliatory acts of Defendant KEG because they are "employers" under the FLSA and directed or condoned such unlawful retaliation, or they knew or should have known about the unlawful retaliation, but failed to take any steps to correct or remedy the unlawful conduct.

69.     As a direct and proximate result of Defendant KEG's unlawful retaliation, Plaintiff Dittus has suffered actual damages, including lost pay and benefits.  Plaintiff Dittus is entitled to an award of back pay and benefits to compensate her for her economic damages.

70.     In addition, Plaintiff Dittus request an order requiring Defendant KEG to reinstate her to her position, with no loss of seniority or other benefits.  In the alternative, Plaintiff Dittus is entitled to an award of front pay to compensate her for her future losses of pay and employment benefits.

71.     Defendants KEG's retaliation against Plaintiff Dittus in violation of the FLSA was knowing, willful, intentional, and done in bad faith.  Plaintiff Dittus is, therefore, also entitled to liquidated damages equal to the amount of back pay and benefits due to her under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72.     Plaintiff Dittus is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs

respectfully request that the Court enter judgment for the following relief:

      a.     An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act;

      b.     A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage and overtime compensation provisions of the FLSA, and have deprived Plaintiffs and the members of the Plaintiff class of their rights to such compensation;

      c.     An order requiring Defendants to provide a complete and accurate accounting of all the minimum wages and overtime compensation to which Plaintiffs and the members of the Plaintiff class are entitled;

      d.     An award of monetary damages to Plaintiffs and the members of the Plaintiff class in the form of back pay for unpaid minimum wages and overtime compensation due, together with liquidated damages in an equal amount;

      e.     An award of monetary damages to Plaintiffs and the members of the Plaintiff class for any and all unlawful kick-backs paid to Defendants, together with liquidated damages in an equal amount;

      f.     Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable laws;

      g.     Pre-judgment interest;

      h.     An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment

of Wages Act;

i.      Treble damages pursuant to the South Carolina Payment of Wages Act;

j.      An award of monetary damages to Plaintiff Dittus for back pay and benefits, together with liquidated damages in an equal amount, under the Fair Labor Standards Act, to remedy the unlawful retaliation against her;

k.      Injunctive relief ordering Defendant KEG immediately to reinstate Plaintiff Dittus to her previous positions, with no loss in service credit, seniority, or other employment benefits;

l.      Attorneys' fees and costs; and

m.      Such further relief as the Court deems just and proper.

*     *     *

Respectfully submitted,


 s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
514 Pettigru Street
Greenville, South Carolina 29601
(864) 232-5870 (O)
(864) 241-1386 (Facsimile)
derothstein@mindspring.com

Harold Lichten, Pro Hac Vice Forthcoming
Shannon Liss-Riordan, Pro Hac Vice Forthcoming
Sara Smolik, Pro Hac Vice Forthcoming
Matthew Thomson, Pro Hac Vice Forthcoming
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge St., 20th Floor
Boston, MA 02114
(617) 994-5800 (office)
(617) 994-5801 (facsimile)
hlichten@llrlaw.com
sliss@llrlaw.com
ssmolik@llrlaw.com
mthomson@llrlaw.com

Attorneys for Plaintiffs

February 4, 2014

Greenville, South Carolina.

16