IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kaleigh R. Dittus; Courtney A. Snyder; Joanna L. Tabler; all individually and on behalf of all other similarly situated individuals,<br><br>      Plaintiffs,<br><br>vs.<br><br>KEG, Inc., d/b/a Heart Breakers Gentleman's Club; Shadow Management Company, Inc., d/b/a Platinum Plus Columbia; Splash, Inc., d/b/a Platinum Plus Columbia; Elephant Inc., d/b/a Platinum Plus Greenville; KWE Group, LLC; Gregory Kenwood Gaines, a/k/a Ken Wood; David A. Henson; KWON, LLC,<br><br>      Defendants. | C/A No. 3:14-cv-00300-JFA<br><br><br><br><br><br>**ORDER** |

Before the court is Plaintiffs' motion for a preliminary injunction.[1]  ECF No. 26.  The court grants the motion in part, and, after considering the briefs and argument of the parties, orders as follows:

> Defendants are enjoined from, in any manner, diminishing an exotic dancer's ability to dance at any one of Defendants' various clubs, if that exotic dancer has danced at any one of Defendants' clubs in the last three years.[2]  These exotic dancers shall be allowed to keep their private dance fees, and shall be allowed to dance under the terms in place prior to the filing of this lawsuit and any retaliatory activity alleged in the Complaint.  Defendants may still prohibit an exotic dancer from entering Defendants' clubs on the basis of legitimate health and safety concerns, or if criminal charges are filed against a particular exotic dancer.  This injunction shall continue until further order of the court.

---

[1] The motion was styled as a motion for temporary restraining order and for preliminary injunction, but after receiving full briefing and argument from all parties, the court treats the motion as a motion for a preliminary injunction.

[2] This includes the named Plaintiffs in this action.

1

2

The court finds that the Plaintiff exotic dancers have shown a likelihood of success on the merits with regard to their status as employees under the Fair Labor Standards Act.  Further, the court finds that retaliatory activity by Defendants would have a chilling effect on prospective class members, constituting irreparable harm.  By contrast, the court finds that allowing prospective class members to continue to dance at Defendants' clubs would cause little harm to Defendants.  The court, therefore, finds that the public interest and the balance of the equities favor the issuance of a preliminary injunction in this action.

The court denies the additional relief requested by Plaintiffs.  The court will award back pay at a later date, if the court finds that back pay should be awarded.  The court will address any need for a corrective notice to potential class members, and any need for a tolling of the statute of limitations, after ruling on Plaintiffs' pending motion to certify a class.

Plaintiffs are not required to post a bond.

IT IS SO ORDERED.

May 1, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

2