IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kaleigh R. Dittus, Courtney A. Snyder, all individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>vs.<br><br>KEG, Inc., d/b/a Heart Breakers Gentleman's Club; Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant Inc., d/b/a Platinum Plus (Greenville); KWE Group, LLC; KWON, LLC; Gregory Kenwood Gaines, a/k/a Ken Wood; David A. Henson, a/k/a Kevin Ford,<br><br>        Defendants. | C/A No. 3:14-cv-00300-JFA<br><br>**ORDER CONSOLIDATING CASES** |
| Nicolet Arcieri,<br><br>        Plaintiff,<br><br>vs.<br><br>Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc., d/b/a Platinum Plus (Greenville); KWE Group, LLC; and Gregory Kenwood Gaines, a/k/a Ken Woods,<br><br>        Defendants. | C/A No. 0:14-cv-03029-JFA |

### I.    INTRODUCTION

This matter comes before the court on Defendants Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc.,

1

d/b/a Platinum Plus (Greenville); KWE Group, LLC; and Gregory Kenwood Gaines, a/k/a Ken Woods (collectively referred to as "Defendants") motion to consolidate *Arcieri v. Shadow Management Company, Inc., et. al.*, Civil Action No. 3:14-cv-03029-JFA and *Dittus v. K.E.G., Inc., et. al.*, Civil Action No. 3:14-cv-00300-JFA (the "Class Action). The motion having been fully briefed is ripe for disposition. For the reasons below, the court **GRANTS** Defendants' Motion to Consolidate.

## II.     FACTUAL BACKGROUND

Plaintiff, Nicolet Arcieri, filed the instant action on July 29, 2014, alleging a single cause of action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq* ("FLSA"). Plaintiff Arcieri, who worked for Defendants as an exotic dancer, maintains that Defendants improperly classified her as an independent contractor and, in so doing, failed to compensate her at the legal minimum wage. [ECF No. 1, Compl. ¶¶ 2–3].

Plaintiff Arcieri's claim falls within the purview of those alleged in the collective Class Action, and, pursuant to the allegations in her Complaint, Plaintiff Arcieri is a putative class member in the Class Action. The Class Action raises claims under the FLSA arising from the class members' alleged misclassification as independent contractors in connection with services provided as exotic dancers. Putative class members include individuals who performed as exotic dancers in South Carolina at Heartbreakers, Platinum Plus Columbia, Platinum Plus Greenville, or Platinum West after February 4, 2011.

As for the procedural posture of both cases, both cases are before this Court, Defendants have answered in the instant action and in the Class Action. In each case, the parties have exchanged limited written discovery; however, no depositions have been taken to date. The

2

court notes that the Class Action has faced procedural delays, including a motion to compel and multiple extended scheduling orders.

### III.   DISCUSSION

Defendants seek to consolidate the cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides that:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

District courts enjoy broad discretion under Rule 42(a) to consolidate cases pending in the same district, though the court must exercise such discretion within certain guidelines. When analyzing consolidation, the Fourth Circuit has indicated that the district court must assess (1) the specific risks of prejudice and possible confusion as against the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Arnold v. Eastern Airlines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982).

Here, the cases involve common questions of law and fact. The general facts alleged in both actions are virtually identical and, in some instances, verbatim. Additionally, the legal claim raised by Plaintiff Arcieri is duplicative of one of the claims arising under the FLSA in the Class Action. Based on the allegations in her Complaint, Plaintiff Arcieri is a putative class member in the Class Action. Given the common questions of law and fact existing between the

3

two cases, the court is not aware of any possible jury confusion that might result from consolidation.

Additionally, consolidation eliminates the risk of inconsistent adjudications. If tried separately, a risk of inconsistent adjudication exists with respect to the core legal issue in each case; namely, whether exotic dancers who performed at Defendants' clubs should be classified as independent contractors or employees.

Consolidation is also in the interests of the parties. Each of the above-captioned Defendants is also a named Defendant in the Class Action.[1] The same counsel represents each of the Defendants in both cases. Accordingly, if the cases are not consolidated, the above-captioned Defendants will potentially be subject to duplicative discovery.[2] Although Plaintiff Arcieri is represented by her own counsel, the Notice of Pendency of FLSA Collection Lawsuit approved by this Court in the Class Action expressly contemplates that putative class members may be represented by "an attorney of [their] own choosing." [*Dittus v. K.E.G., Inc., et. al.*, Civil Action No. 3:14-cv-00300-JFA, ECF No. 82].

Further, since no depositions have been taken in either case, Plaintiff Arcieri will not sustain prejudice with respect to her right to engage fully in the discovery process if the actions are consolidated. Accordingly, neither lawsuit has progressed to the point at which consolidation would create undue delay. Both lawsuits are at essentially the same stage of preparedness. As such, consolidation would further expedite discovery by avoiding the necessity of Defendants engaging in duplicative discovery.

---

[1] Three additional defendants are named in the Class Action—K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club; KWON, LLC, d/b/a Platinum West; and David A. Henson, a/k/a Kevin Ford. None of the additional Defendants in the Class Action objects to consolidation.

[2] The court notes that Plaintiff Arcieri has graciously offered to coordinate depositions to avoid any duplicative discovery; however, the court finds that judicial efficiency is best served by consolidating the cases.

The court finds that because the actions involve common questions of law and fact, consolidation will promote judicial economy, result in efficiencies for the parties in the conducting of discovery, and should not overly prejudice any party.  The court notes that Plaintiff Arcieri is concerned with the procedural delays in the Class Action, including the motion to compel and the amended scheduling orders.  Plaintiff Arcieri argues that her case appears to be in a better posture than the Class Action and that consolidation may hinder her from pursuing her claims in an efficient manner.  The court appreciates Plaintiff Arcieri's position and hereby directs both actions to abide by Plaintiff Arcieri's Formal Scheduling Order. ECF No. 27; therefore, essentially extending the discovery deadlines for the Class Action.

Finally, Plaintiff Arcieri provided the court with persuasive authority regarding 29 U.S.C. § 216(b) of the FLSA and consolidating FLSA actions.  Specifically, Plaintiff Arcieri argues that "consolidation of claims without the consent of the plaintiff, 'would de facto' force plaintiffs to opt in to a collective action without their consent, in contravention" of the FLSA.[3]  [ECF No. 34, p. 3].  However, Plaintiff Arcieri provided no binding authority supporting this argument; consequently, the court exercises its broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure and consolidates the cases.

### IV.  Conclusion

Based on the foregoing, the court **GRANTS** Defendants' Motion to Consolidate, ECF No. 29, for purposes of all future motions, discovery, and trial.  The parties are further notified that the Class Action, *Dittus v. K.E.G., Inc., et. al.*, Civil Action No. 3:14-cv-00300-JFA is designated as the lead docket number for purposes of court deadlines.  The clerk will enter an

---

[3] The FLSA states "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

Amended Scheduling Order in the Class Action, shadowing the deadlines of the Scheduling Order entered on October 3, 2014 as ECF No. 27 for *Arcieri v. Shadow Management Company, Inc., et. al.*, Civil Action No. 3:14-cv-03029-JFA.

    IT IS SO ORDERED.

December 1, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge