# Exhibit A

**FLSA SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This FLSA Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Kaleigh R. Dittus, Courtney A. Snyder, Samantha Botten, Alicia Brown, Jasmine Lakis, Alaina Pitt, Noel Peterson, Albina V. Farris, Atea Hopper, Chelsea Kuettel, Krystal King, Adriene N. Griffis, Heather Chavis, Morgan Cruse, Bonnie Lindler, Jordan McCurry, Bailey Noles, Nicole Phillips, Kaitlyn Skyrme, Jennifer Sullivan, Elizabeth Gaines, Audrey Lee, Ashley Cring, Jessica Ferst, Frankie Henderson, Brittany Yontz, Courtney Hopper, Michelle Kolben, Schuyler Andrulat, Pamela Branch, Chancey Byrd, Kourtni Greene, April Lineberry Hayes, Christine Hunter, Ashley Joye, Cayla Lance, Terre Lewis, Shawna Morrow, Hailey Poellien, Arraqueida Roman, Carly Strohbach, Kayla West, Keree Jo Francis Domrose, Miranda Graham, Victoria Shade, Sheleen Buchanan, Sandra Barrs, Sarah Locke, Tracie Adams, Melissa Gregory, Elizabeth Halicki, Jill Knobloch, Anna M. Stanley, Latoya R. Hinson, Ema L. Cox, Heidi Doro, Tina Warden, Amber Gant, Ashley Pettigrew, Elizabeth Allen, and Josie Paxton, their heirs, estate, executors, administrators, personal representatives, successors, and/or assigns (collectively, "Plaintiffs") and K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club; Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc., d/b/a Platinum Plus (Greenville); KWE Group, LLC; KWON, LLC, d/b/a Platinum West; Gregory Kenwood Gaines a/k/a Ken Wood; and David A. Henson, a/k/a Kevin Ford ("Defendants") (collectively the Plaintiffs and Defendants are referred to as the "Parties") and is based on the following recitals:

On February 4, 2014, Plaintiffs filed an action against Defendants which is currently pending in the United States District Court for the District of South Carolina, styled, Kaleigh R. Dittus and Courtney A. Snyder, both individually and on behalf of all other similarly situated individuals v. K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club; Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc., d/b/a Platinum Plus (Greenville); KWE Group, LLC; KWON, LLC, d/b/a Platinum West; Gregory Kenwood Gaines a/k/a Ken Wood; and David A. Henson, a/k/a Kevin Ford, Civil Action No. 3:14-cv-00300-JFA, in which Plaintiffs seek relief for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (the "Action");

Defendants deny any and all alleged violations of law and any and all liability for the claims alleged in the Action;

Defendants deny that they are or were Plaintiffs' employer and/or joint employer under the FLSA or any other federal or state statute, rule of law, regulation, or for any other purpose whatsoever;

This Agreement was negotiated with the understanding that this settlement does not constitute an admission or an adjudication of wrongdoing or liability;

The Parties are represented by experienced counsel and have entered into this Agreement upon the advice of counsel after being fully informed of their legal rights;

This Agreement was negotiated between persons representing substantial adverse interests, who were fully informed concerning the legal rights, issues, and evidence involved in the Action, and who negotiated in good faith and at arm's length;

Bona fide disputes and controversies exist between the Parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, the Plaintiffs and Defendants desire to compromise and settle fully and finally, by the execution of the Agreement, all claims and causes of action arising under the FLSA; and

The Parties stipulate that the settlement is reasonable due to the uncertainty of Plaintiffs' claims, which Defendants vigorously dispute;

In consideration of the promises and mutual covenants contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree:

1.     <u>Consideration</u>.  In consideration for signing this Agreement, including the promises herein, and for the compliance with the promises made herein by the undersigned Plaintiff (hereinafter referred to as "Plaintiff" or collectively as "Plaintiffs") agrees to accept the total gross amount of _____ ($_____) for which a separate IRS Form 1099 shall issue. No payment shall be made to any individual who does not sign this Settlement Agreement.

Plaintiffs acknowledge and agree that they are solely responsible for any and all federal, state, and local taxes that may be due from the settlement sum, whether it is determined that any taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such settlement proceeds. Plaintiffs expressly acknowledge and agree that for purpose of this Settlement Agreement and the administration of this Settlement Agreement, they are and have been properly classified as independent contractors. **Plaintiffs expressly acknowledge and agree that they are relying upon their own legal and/or tax advisors, and not upon Defendants or their attorneys, with respect to any tax aspects of this Agreement.** Plaintiffs further acknowledge and agree to indemnify and hold Defendants harmless in the event that any federal, state, or local taxing authority asserts any claim for liability for unpaid income taxes, failure to withhold income taxes, penalties, interest, or other sums that may become due to any taxing authority based upon the terms of this Agreement. It is expressly agreed that if Defendants are required to provide payments for income taxes or interest or penalties to any taxing authority based upon the terms of this Agreement, Plaintiffs shall reimburse Defendants for such payments to such taxing authority within ten (10) calendar days after Defendants notify Plaintiffs, in writing, via certified mail, return receipt requested, that it has incurred such liability. The proceeds to fund this settlement have been deposited into the Trust Account of Richardson Plowden. By depositing these proceeds into the Richardson Plowden trust account, Defendants have no further financial obligations with respect to this settlement.  The settlement proceeds will be transferred to the trust account of Lichten & Liss-Riordan, P.C. on the effective date of this settlement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.** Plaintiffs knowingly and voluntarily release and forever discharge (i) Defendants, (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendants, and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof (hereinafter referred to as "Releasees"), from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the same transactions or occurrences alleged in *Kaleigh R. Dittus, et al. v. K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club; Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia); Splash, Inc., d/b/a Platinum Plus (Columbia); Elephant, Inc., d/b/a Platinum Plus (Greenville);KWE Group, LLC; KWON, LLC, d/b/a Platinum West; Gregory Kenwood Gaines a/k/a Ken Wood, and David A. Henson, a/k/a Kevin Ford,* Civil Action No. 3:14-cv-00300-JFA, which means all claims for allegedly uncompensated wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under federal law. This release includes all FLSA or other federal wage claims. This release includes any claims which are derivative of the claims being released. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or expenses approved by the Court, provided they do not exceed $250,000.00.

If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

4. **Dismissal of Action.** Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the status of the Action as it existed on June 3, 2015. In such event, all funds deposited in trust with Richardson Plowden by Defendants shall be returned to Defendants upon demand. Upon approval of this settlement by the court, this action shall be dismissed with prejudice.

5. **Acknowledgments and Affirmations.** Each Plaintiff affirms that she regularly worked approximately on a full time basis each week at Defendants' business locations in South Carolina during the time period covered by this Action.

Each Plaintiff agrees that she is not entitled to any additional compensation, wages, bonuses, and/or commissions from Defendants.

Each Plaintiff affirms that she has not filed, caused to be filed, or is presently a party to any claim against Defendants or any of the Releasees with any local, state, or federal agency or court, except for the Action referenced above;

Each Plaintiff affirms that she is not aware of any work-related accidents, injuries and/or occupational diseases that she sustained while performing services for Defendants;

Each Plaintiff agrees that if she desires to perform at any of Defendants' business locations, she may be required to execute a document entitled Entertainer Lease Agreement, provided that other dancers are required to do so also;

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or to participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, each Plaintiff agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies; and

6. **Disclosure of Additional Consents.** All parties and their counsel agree to not solicit additional consents from potential class members regarding participation in this lawsuit, and Plaintiffs' counsel agrees to disclose any and all consents received by them prior to the final approval of this settlement. Plaintiffs' counsel will file with the court any additional consent forms received prior to the final approval of this settlement.

7. **Efforts to Resolve Claims Submitted By Additional Consents.** Plaintiffs' counsel confirms that other than 61 members of the Settlement Class who have previously filed consent forms to join this case and 2 additional individuals who have been identified by counsel for Plaintiffs to Counsel for Defendants, they are aware of no other potential class members who intend to assert claims against any Defendants for state and/or federal wage and hour claims for dancing at any of Defendants' clubs. If Plaintiffs' counsel obtains more than 61 consent forms or becomes aware of other potential class members before the filing of the motion for final approval, they will advise Defendants, and Defendants may elect to have them included in the class, based upon an additional payment to be negotiated by the parties in an amount not to exceed $6,000 to such individual and include them in the class or to decline to make any such payment and exclude them from the class.

8. **Cy Pres Beneficiary.** The settlement is non-reversionary, and if after 120 days a class member cannot be located after a diligent search, their share will be paid to the Women's Shelter, Columbia, South Carolina. Notwithstanding the payment of any share of the settlement to a cy pres beneficiary, all members of the Settlement Class who execute the Settlement Agreement shall be bound by the terms of the settlement.

9. **Non-Publicity.** The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court. Unless otherwise required by the Court, the executed Agreements will not be filed as part of the Court's record. In the event that the Court does require that any of the signed Agreements be part of the record for the Action, the Parties agree that no one affirmatively shall otherwise seek or make public disclosure of this

Agreement or its content.  The Parties and their respective attorneys and representatives agree to keep confidential and not to disclose the sums paid as consideration, any claims made or which Plaintiffs believe may exist, to any person, persons or organization including, but not limited to, a statement, written or oral, to any person, newspaper, magazine, radio or television station, present or former employees or independent contractors of Defendant, any Internet site, blog or other posting except as required by law, by Releasees' business operations or as specified herein.

Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so.  Any person or entity provided a copy hereof or information hereabout by Plaintiffs shall be instructed not to make any disclosure hereof.

10. **Effective Date.** The settlement shall become effective on the settlement "Effective Date," which is defined as the later of (1) the date when the time for appeal of the Court's final approval of the FLSA Settlement Agreement has expired, or (2) the date of the final resolution of any appeal or other judicial review of the settlement if an appeal has been filed and not dismissed.

11. **Mediator's Fee.**  Defendants will pay the entire invoice of mediator Gene Matthews in connection with this case through and including June 3, 2015.

12. **Dissolution of Injunction.** The parties agree to cooperate and take all steps necessary to achieve the dissolution of the injunction entered by the Court in this matter.

13. **Voidability.** A failure of the Court to approve any material condition of the FLSA Settlement Agreement which effects a fundamental change of the parties' settlement shall render the entire settlement voidable and unenforceable as to all parties herein at the option of the party adversely affected thereby.  However, neither party may void the settlement based on the Court's approval or non-approval of any request for attorneys' fees or based on the amount of any attorneys' fees.

14. **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the state of South Carolina without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

15. **Nonadmission of Wrongdoing.**  Nothing contained herein, nor the consummation of the Settlement Agreements, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant.  Nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by any Defendants or their employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

16. **Amendment**.  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

17. **Mutual Preparation.**  This Agreement shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

18. **Merger and Integration.**  The parties recognize and agree that in addition to this Agreement, they have executed additional settlement documents on this same date related to the settlement of various aspects of this litigation.  Each agreement is intended to be given full force and effect. In the event that a party seeks to enforce this Agreement, the parties agree that each agreement shall be operative and the agreements are intended to be supplementary to one another, and none shall be deemed to have superseded and/or negated the other settlement agreements. Rather, each agreement is intend to survive the execution of the related settlement documents and the combination of the documents shall be deemed the integrated settlement agreement.  All other agreements, however, between the parties which predate the execution of the Settlement Documents are merged herein, discharged, and shall be held for naught.

19. **Acknowledgement.**

EACH PLAINTIFF HAS READ AND FULLY CONSIDERED THIS AGREEMENT AND THE RELEASE LANGUAGE HEREIN AND DESIRES TO ENTER INTO THIS AGREEMENT. EACH PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO HIS EXECUTION OF THIS AGREEMENT AND RELEASE.

EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS BROUGHT IN THE ACTION OR THAT COULD HAVE BROUGHT IN THE ACTION AGAINST DEFENDANTS.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below and on the signature pages that follow:

_____
**Name:**

Date:_____

**K.E.G., Inc., d/b/a Heart Breakers Gentlemen's Club**

By:_____

Its: _____

Date:_____

_____
**David E. Rothstein**
**Attorney of Record**

Date:_____

**Shadow Management Company, Inc., d/b/a Platinum Plus (Columbia)**

By:_____

Its: _____

_____
**Harold Lichten**
**Attorney of Record**

Date:_____

Date:_____

**Splash, Inc., d/b/a Platinum Plus (Columbia)**

By:_____

Its: _____

Date:_____

**Elephant, Inc., d/b/a Platinum Plus (Greenville)**

By:_____

Its: _____

Date:_____

**KWE Group, LLC; KWON, LLC, d/b/a Platinum West**

By:_____

Its: _____

Date:_____

**Gregory Kenwood Gaines**

By:_____

Date:_____

**David A. Henson**

By:_____

Date:_____